White J.
delivered the following opinion of the court.
The bill states, that on the 16th day of February 1788 Edwin Hickman, for a valuable consideration, executed a bond to John Hughs for 5001. with condition for the conveyance of a tract of 274 acres of land, on Cumberland river in Davidson county, so soon as Hickman should obtain a patent. On the 25th of November 1788, Hughes for a valuable consideration, assigned the bond to Joel Tilly—and Tilly for a like consideration assigned to the plaintiffs testator.
The bond was duly proved in a court of the state of North Carolina, in the year 1802, and such probate duly certified on the bond, to the end, that it might be recorded in the county where the land lies. It was accordingly ordered to be recorded in Davidson county, and there recorded. Edwin Hickman died intestate, in the year 1788, and, that administration was granted to his brother Thomas Hickman, the defendant, and Joel Rice. Edwin Hickman left two infant sons, who were his heirs at law. On the 11th Sept. 1805, Thomas Hickman who alone acted as administrator, intending to pursue the act of 1794 c. 5, authorising executors and administrators to make deeds, executed a deed to the plaintiff's testator, in discharge of the bond, for a tract of land in Smith county on Cumberland river. It is charged that the deed was not in compliance with that act, and therefore void. That a certain Roberts took possession of the land, and that on account of defect in the title, a recovery cannot be had against Roberts. In the deed it is acknowledged, that the bond is discharged and given up. The object of the bill is, that the bond may be set up, and the plaintiff relieved.
The heirs by plea rely on me statute of limitation of seven years, agreeably to the 9th section of the act of 1715, c. 48.
Thomas Hickman by his answer admits the bond and assignment, brings the bond into court; and admits the execution of the deed. He states that Edwin Hickman died in the year 1791, and soon afterwards the widow and himself administered; that he alone acted as adm’r. as stated in the bill. In 1793 he settled his administration account with the county court, when there was a balance in his favour.
That he has distributed the estate among those entitled agreeably to law ; and from length of time he is not able to *318 produce his vouchers. And in like manner with the heirs, rely upon the 9th section of the act of 1715 c. 43, as a bar.
In the discussion, it was admitted that as it respected the heirs, this case is governed by the case of Smith vs. Hickman’s heirs, in which it was decided that the plea was a bar.
As it respected Hickman the administrator, it is insisted, that the plea is not a bar, because,
First, The act of 1789, c. 23, repeals the 9th section of the act of 1715 c. 43, as relates to executors and administrators, and Hickman not having complied with the terms of that act, he is not entitled to its benefit.
Second, But if the act of 1715 be not repealed, the making of a deed by Hickman the administrator, is equivalent to an acknowledgment, and takes the case out of the statute. The court upon a full consideration of this subject, finds that the reasoning in the case of Smith vs. Hickman’s heirs, applies with equal force to the case of executors and administrators. Consistently with the principles of law, the two acts of 1789 and 1715 must stand together, as it is evident, the first was not intended as an entire repeal of the latter.— The court cannot think the 5th, section of the act of 1789 is directory as insisted upon by the plaintiff's counsel. It has been uniformly considered by the courts of North Carolina, as a condition precedent, and this court has no disposition to disturb that opinion.
This section requires that the personal representative shall advertise within two months aster being qualified as Executor for administrator, “for all persons to bring their accounts and demands of every kind and denomination to the said executor or administrator agreeably to the directions of this act.”
The second section provides that the debts shall be settled within two years, and that the representatives pay over the surplus to those entitled. The 4th section provides that all creditors living within the state shall within two years make demand of their debts or claims ; and to residents without the limits of the state, three years are allowed ; "and if any creditor thereafter shall fail to demand and bring suit for the recovery of his debt within the aforesaid time limited, he shall forever be debarred from the recovery of his debt is any court whatever. With a proviso in favor of infants, &c. who are allowed one year after such disability shall be removed ; with another proviso in favour of such creditors as shall forbear to bring suit at the special request of the executes or administrator, saving the time that shall elapse during the indulgence.
*319 The 9th section of the act of 1715 c. 48, provides “ that creditors of any person deceased shall make their claim within seven years after the death of such debtor ; otherwise such creditor shall be forever barred. And if it shall happen that any sum or sums of money shall hereafter remain in the hands of any administrator after the term of seven years shall be expired, or not recovered fay any of the deceased, or by any creditor in that time, the same shall be paid over to the church warden.”
So much of this section as relates to the disposition of the surplus after seven years, is clearly repealed by the acts of 1784 c. 23, and 1789 c. 23. And the only question as to the repeal, is whether the provisions of the act of 1789, are so entirely inconsistent with the 9th section of 1715 in relation to the bar of seven years, that they cannot stand together in any case. It would seem most probable, that the legislature when it passed the act of 1789, still possessed the disposition manifested in the act of 1715, in relation to a bar in all cases. By the act of 1715, it is obvious the claims of infants, feme, coverts, &c, were barred after seven years. Different, distinct interests necessarily grow out of deceased persons estates, both directly, and collaterally. The limitation of demands against funds thus situated, stands on a foundation entirely different from cases where no other person is interested but the person sued, as the executor or administrator. The importance of limiting some time within which all claims should be exhibited, so that the various interests growing out of deceased persons estates might know when to be at rest, seems obvious.
In the preamble to the first and second sections of the act of 1789, it is evident, that the legislature intended to render the law more precise anti intelligible, as well as to lessen the delay and difficulty in the settlement of estates by executors and administrators. Hence it is probable, the legislature designed to limit the operation of the two provisoes to the 4th section, to seven years. But it is not necessary to give any decisive opinion on this ground ; because the act of 1715 can have its operation to bar the claim against Hickman the administrator in this case, without determining that point.
Neither of the two cases of disability, or indulgence specified in the provisoes to the 4th section of the act of 1789 exist in this case. Nor does it appear that the administrator advertised agreeably to the 5th section. There can be no difficulty in saying that in cases, where the representative of the deceased has advertised agreeably to that section, *320 and neither of the exceptions in the provisoes occurring, a claim will be barred within two years agreeably to the 4th section ; but if he shall not advertise, then the bar of seven years occurs, agreeably to the 9th section of the act of 1715.
The second proposition involves a consideration of the act of Ten. 1794 c. 5, authorising executors and administrators to make deeds for lands, where the deceased had given obligations.
This act does not limit any time within which the executor or administrator shall exercise the power given ; but taking it in connection with the two acts already mentioned, it seems just to infer that the legislature designed that the representative should make a deed within seven years, and not afterwards.
Agreeably to these acts, after the lapse of seven years, an executor or administrator has no power over the estate, whereby any act of his, can affect the interest of other persons either directly or indirectly.
This being the utmost limit, for his management, and control where the rights of others are concerned; as the heirs &c.
Therefore any acknowledgement or act of Hickman after that time cannot have any effect.
The bill must therefore be dismissed.